1 | DUANE M. GECK (State Bar No. 114823)
dmg@severson.com
2 | MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
3 | ANDREW S. ELLIOTT (State Bar No. 254757)
ase@severson.com
4 | SAMUEL R. MELAMED (State Bar No. 301303)
srm@severson.com
5 | SEVERSON & WERSON
A Professional Corporation
6 | One Embarcadero Center, Suite 2600
San Francisco, California 94111
7 | Telephone: (415) 398-3344
Facsimile: (415) 956-0439
8
Attorneys for Defendant
9 | NISSAN MOTOR ACCEPTANCE
COMPANY LLC, fka NISSAN MOTOR
10 | ACCEPTANCE CORPORATION

11

12 | UNITED STATES DISTRICT COURT

13 | CENTRAL DISTRICT OF CALIFORNIA

14 | JULIA KAROBKOFF, on behalf of | Case No.
herself and all others similarly situated,
15 | | CLASS ACTION
Plaintiff,
16 | | **DEFENDANT'S NOTICE OF
vs. | REMOVAL PURSUANT TO CLASS
17 | | ACTION FAIRNESS ACT**
NISSAN MOTOR ACCEPTANCE
18 | COMPANY LLC, fka NISSAN | **[28 U.S.C. §§ 1332(d), 1453(b)]**
MOTOR ACCEPTANCE
19 | CORPORATION,

20 | Defendant.

21

22 | **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

23 | **THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES AND**

24 | **THEIR ATTORNEYS OF RECORD:**

25 | **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441, 1446,

26 | 1332(d), and 1453(b), Defendant NISSAN MOTOR ACCEPTANCE COMPANY

27 | LLC fka NISSAN MOTOR ACCEPTANCE CORPORATION ("NMAC") hereby

28 | removes the above-captioned action from the Superior Court of the State of

California, in the County of Los Angeles, to the United States District Court for the Central District of California.  NMAC alleges that it is entitled to removal pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b), as follows:

1.      NMAC is named in the Complaint filed on October 22, 2021, by Plaintiff Julia Karobkoff ("Plaintiff") in the Superior Court of the State of California, in the County of Los Angeles, Case No. 21STCV39021, entitled *Julia Karobkoff v. Nissan Motor Acceptance Company LLC f/k/a Nissan Motor Acceptance Corporation* (the "State Court Action").

2.      The Complaint in the State Court Action contains causes of action for (1) breach of contract, including breach of the implied covenant of good faith and fair dealing, (2) violation of California's Unfair Competition Law, at California Business & Professions Code §§ 17200, *et seq.*, (3) violation of California's Consumer Legal Remedies Act ("CLRA"), at California Civil Code §§ 1750, *et seq.*, and (4) unjust enrichment.  Plaintiff brought the Complaint in the State Court Action on behalf of a proposed nationwide class of persons.

3.      True and correct copies of all pleadings on file in the State Court Action, including the Complaint, are attached hereto as <u>Exhibit A</u>.  The documents attached as Exhibit A constitute all pleadings, process, and orders served on NMAC in the State Court Action, as required by 28 U.S.C. § 1446(a).

4.      NMAC has not yet filed an answer or otherwise responded to Plaintiff's Complaint in the State Court Action.

5.      This notice of removal is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure, Rule 6(a) because it was filed within 30 days of the service on NMAC of a copy of the Complaint, which occurred on November 10, 2021.

6.      Removal to the United States District Court for the Central District of California is proper because this is the district which embraces the county in which Plaintiff filed the State Court Action.  28 U.S.C. § 1441(a).

2

DEFENDANT'S NOTICE OF REMOVAL

7.     This action is a civil class action of which this Court has original jurisdiction under 28 U.S.C. §1332(d)(2) and is one which may be removed to this Court by NMAC, pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453(b).  "Federal jurisdiction under CAFA has three elements:  (1) there must be minimal diversity of citizenship between the parties; (2) the proposed class must have at least 100 members; and, (3) the amount in controversy must 'exceed[ ] the sum or value of $5,000,000.' "  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (citing 28 U.S.C. § 1332(d)) (footnote omitted).

8.     This is a putative class action involving more than 100 alleged class members in which at least one member of the alleged class is a citizen of a State different than NMAC.  *See* Complaint, ¶ 41 ("The proposed Class likely contain [sic] thousands of members.") and ¶ 36 (alleging a putative "Nationwide Class").

9.     The amount that plaintiff's allegations place in controversy exceeds $5,000,000.00, exclusive of costs and interest.  Complaint, ¶ 24 (alleging NMAC "collect[ed] and ke[pt] millions of dollars in unearned GAP fees that rightfully belong to their customers") and ¶ 45 (alleging the "aggregate damages sustained by the Class are likely in the millions of dollars").  Plaintiff also prays for attorneys' fees.  Compl., at p. 15, Prayer for Relief (seeking "reasonable attorneys' fees and costs of suit").  Lastly, Plaintiff states she will move to amend the Complaint to allege punitive damages; the Complaint also includes punitive damages in its prayer for relief.  Complaint, ¶ 82; *id.*, at p. 15, Prayer for Relief (seeking "punitive damages according to proof").

10.     **Class Action**.  This action is a putative class action within the meaning of 28 U.S.C. § 1332(d)(1)(B).  Paragraph 36 of the Complaint alleges that Plaintiff is suing on her own behalf and on behalf of a putative nationwide class.

11.     **At least 100 Alleged Class Members**.  The alleged class consists of more than 100 members.  Paragraph 41 of the Complaint alleges that "[t]he proposed Class likely contain [sic] thousands of members."  Also, Paragraph 36 of

the Complaint alleges a nationwide class of all persons purportedly affected by NMAC's alleged practices.

12. **Minimal Diversity**.  A member of the alleged class is a citizen of a different State than NMAC.

a.    Plaintiff was and is a citizen of the State of California.  Paragraph 7 of the Complaint alleges "Plaintiff [] resides in Los Angeles, California, and did at all relevant times during the conduct alleged in this Complaint."  *Ehrman v. Cox Communs., Inc*., 932 F.3d 1223, 1227 (9th Cir. 2019).

b.    NMAC is informed and believes that one or more other members of the alleged putative class were, and still are, citizens of the State of California.

c.    NMAC, a Delaware limited liability company, is not a citizen of the State of California.  As a limited liability company, NMAC is a citizen of each state of which its members or owners are citizens.  *Johnson v. Columbia Properties Anchorage LP,* 437 F.3d 894, 899 (9th Cir. 2006).  NMAC's sole member/owner is Nissan North America, Inc., a Delaware corporation with a principal place of business in Tennessee.  Nissan North America, Inc. is a citizen of Delaware and Tennessee.  28 U.S.C. § 1332(c)(1).  Accordingly, NMAC is a citizen of Delaware and Tennessee.

13. **Amount in Controversy**.  The amount in controversy in this action exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, when the claims of all class members are aggregated as provided in 28 U.S.C. § 1332(d)(6). *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348, 185 L. Ed. 2d 439 (2013).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold…."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014).

a.    NMAC denies it has any liability to Plaintiff or the putative class she seeks to represent, and it need not concede liability to establish the amount in

controversy.  *See Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010); *see also LaCross v. Knight Transp. Inc*., 775 F.3d 1200, 1203 (9th Cir. 2015).  Nevertheless, a fair reading of the allegations in plaintiff's Complaint demonstrates that the alleged amount in controversy exceeds $5 million.  *See Knowles*, 133 S. Ct. at 1348; *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978-982 (9th Cir. 2013).

   b. The Complaint's allegations place in controversy more than $5,000,000.00, exclusive of costs and interest.  Complaint, ¶ 24 (alleging NMAC "collect[ed] and ke[pt] millions of dollars in unearned GAP fees that rightfully belong to their customers"); *id.*, ¶ 45 (alleging the "aggregate damages sustained by the Class are likely in the millions of dollars").  Plaintiff also prays for attorneys' fees.  Compl., at p. 15, Prayer for Relief (seeking "reasonable attorneys' fees and costs of suit").  Lastly, Plaintiff states she will move to amend the Complaint to allege punitive damages; the Complaint also includes punitive damages in its prayer for relief.  Complaint, ¶ 82; *id.*, at p. 15, Prayer for Relief (seeking "punitive damages according to proof").

   14. As required by 28 U.S.C. § 1446(d), NMAC will provide written notice of the removal of this action to Plaintiff, and to the Los Angeles County Superior Court.

   15. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A are accurate copies of all papers served upon NMAC in the State Court Action, as of December 10, 2021.

   WHEREFORE, NMAC prays that the State Court Action be removed from state court to this Court and that this Court assume jurisdiction over the action and determine it on the merits.

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  December 10, 2021

SEVERSON & WERSON
A Professional Corporation

By: _____
*/s/ Andrew S. Elliott*
ANDREW S. ELLIOTT

Attorneys for Defendant
NISSAN MOTOR ACCEPTANCE
COMPANY LLC, fka NISSAN MOTOR
ACCEPTANCE CORPORATION

# EXHIBIT A

Case 2:21-cv-09570-MEMF-PD   Document 1-2   Filed 12/10/21   Page 8 of 43   Page ID #:8

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Carolyn Kuhl

Electronically FILED by Superior Court of California, County of Los Angeles on 10/22/2021 01:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Drew, Deputy Clerk

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA 330090)
scott@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 305-975-3320
Fax: 786-623-0915

**KALIELGOLD PLLC**
Jeffrey D. Kaliel (CA Bar No. 238293)
jkaliel@kalielpllc.com
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783

**KALIELGOLD PLLC**
Sophia G. Gold (CA Bar No. 307971)
sgold@kalielgold.com
950 Gilman Street, Suite 200
Berkeley, CA 94710
Telephone: (202) 350-4783

*Attorneys for Plaintiff and the Putative Class*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JULIA KAROBKOFF, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN MOTOR ACCEPTANCE COMPANY LLC F/K/A NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>Defendant. | CASE NO.:  21STCV39021<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Julia Karobkoff files this action on behalf of herself and on behalf of all others similarly situated and alleges as follows upon personal knowledge with respect to Plaintiff's own acts and based upon information and belief as to all other matters.

**NATURE OF THE CASE**

1.      Plaintiff brings this action on behalf of herself and all others similarly situated arising from Defendant Nissan Motor Acceptance Company LLC f/k/a Nissan Motor Acceptance Corporation's ("Defendant" or "Nissan Motor") practice of collecting and failing to refund unearned fees from Guaranteed Asset Protection Waiver Addendums ("GAP Waiver Addendum") in breach of its contracts with consumers.

2.      Under the terms of its contracts with consumers, Nissan Motor is required to refund to consumers all unearned fees for GAP Waiver Addendums when consumers pay off their automobile finance agreements early.

3.      In breach of that promise, and in contravention of state statute, Nissan Motor, as a matter of policy, fails to refund consumers of unearned fees when finance agreements terminate early.

4.      As a result of this practice, Nissan Motor knowingly collects and retains millions of dollars per year in unearned fees from automobile purchasers.

5.      Nissan Motor's policy and practice of retaining these unearned fees related to GAP Waiver Addendums when the underlying automobile loan is paid off early constitutes a breach of contract and an unfair business practice in violation of state consumer protection law.

6.      Plaintiff, on behalf of herself and the Class, seeks to end Nissan Motor's practices and force it to refund unearned GAP fees. Plaintiff seeks damages, restitution, and injunctive relief on behalf of the general public.

**PARTIES**

7.      Plaintiff, Julia Karobkoff, resides in Los Angeles, California, and did at all relevant times during the conduct alleged in this Complaint.

8.      Defendant Nissan Motor Acceptance Company LLC, formerly known as Nissan

Motor Acceptance Corporation, is headquartered at One Nissan Way, Franklin, Tennessee 37067.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over Defendant and the claims set forth below pursuant to Code of Civil Procedure § 410.10 and the California Constitution, Article VI § 10, because this case is a cause not given by statute to the other trial courts.

10.     Plaintiff is informed and believes that the State of California has personal jurisdiction over the Defendant named in the action because Defendant is a company authorized to conduct and does conduct business in this State. Defendant is registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through the franchise ownership and operation of over 1,000 dealerships store locations nationwide, including in the County of Los Angeles, which has caused both obligations and liability of Defendant to arise in the County of Los Angeles.

11.     The amount in controversy exceeds the jurisdictional minimum of this Court.

## FACTUAL ALLEGATIONS

### A.     GAP Waivers

12.     If a consumer gets into an accident and their car is deemed a "total loss," or if a consumer's car is stolen, the amount the consumer owes on their car loan may end up being more than the amount the insurance company is willing to pay for the consumer's loss. This difference between what an insurer is willing to pay and what the consumer still owes is known as the "gap."

13.     For both consumers and creditors, the risk that a consumer will not be able to cover the "gap" often makes financing untenable. Enter GAP products. GAP products allow consumers to cover the "gap" between the amount owed to the creditor and the proceeds from the insurance policy.

14.     GAP products were first introduced in the 1980s and have become increasingly popular over time. There are generally two types of GAP products. The first is GAP insurance. GAP insurance is a contract between an insurance company and a consumer, in which the insurer agrees to cover the consumer's GAP in the event of a total loss of the vehicle. With GAP insurance,

if a total loss occurs and the current value of the vehicle is worth less than the amount owed to the creditor, then the insurance company will pay the creditor the difference. In other words, the insurance company is paying off the loan balance on the consumer's behalf. The consumer pays insurance premiums directly to the insurance company for this coverage. This case does not concern GAP insurance.

15.     Instead, this case concerns GAP Waivers. GAP Waivers were developed as an alternative to GAP Insurance. Unlike GAP Insurance, GAP Waivers are a "debt cancellation agreement" rather than insurance, because with a GAP Waiver, the creditor agrees to write off the "gap" in the event of a "total loss" or if the vehicle is stolen and the insurance proceeds are insufficient to pay off the loan. The development of GAP Waivers have generally allowed the automobile industry to circumvent insurance regulations and licensing requirements while offering what is only a slightly modified version of GAP insurance.

16.     To obtain a GAP Waiver, the consumer and the vehicle seller, or dealer, execute a GAP Waiver form. The GAP Waiver forms are form contracts that are offered to consumers on a take-it-or-leave-it basis. The Gap Waiver form provides that if a consumer suffers a total loss, and the insurance payout for the vehicle is insufficient to pay off the remaining loan balance, then the creditor on the car financing agreement will agree to waive the difference, provided the consumer pays a fee.

17.     These GAP fees are included as a separate line item in the vehicle purchase finance agreement and are incrementally paid in monthly installments by the consumer over the life of the loan, with interest, along with the rest of the purchase price of the vehicle.

18.     Importantly, Nissan Motor's GAP Waiver Addendum provides that if the car finance agreement is paid off prior to the end of the full loan term, then the GAP Waiver Addendum will terminate, and then the consumer is entitled to a refund of the unused portion of the GAP Waiver Addendum fees. Such a provision makes sense: consumers should not have to pay for a service they no longer need and derive no benefit from.

19.     For example, if the total GAP fees for four years of GAP coverage are $1,000, but the consumer pays off their finance agreement in two years, then the consumer would be entitled

to a $500 refund for the unused half of their GAP coverage. These GAP fees are considered "unearned" because once the finance agreement is paid off early, there is no possibility of a GAP and thus the consumer does not receive anything of value by paying for the GAP protection.

**B.     Nissan Motor's Role as the Creditor on Finance Agreements with GAP Waiver Addendums**

20.     As noted above, the consumer initially enters the vehicle purchase finance agreement and GAP Waiver Addendum with the dealer—who is the initial "creditor" on the loan. But the dealer then sells and assigns the finance agreement with the GAP Waiver Addendum to a financial institution, like Nissan Motor. Thereafter, the consumer's payments and interactions concerning the finance agreement are with Nissan Motor. Once Nissan Motor purchases the finance agreement and GAP Waiver Addendum, Nissan Motor becomes the "creditor" on the loan, legally assuming the benefits and contractual obligations under the finance agreement and GAP Waiver Addendum. This includes the obligation to refund any unearned GAP fees it collects because of the early termination of the finance agreement.

21.     In this case, Plaintiff purchased her vehicle from Nissan of Van Nuys, a Nissan dealership located in Sherman Oaks, California.

22.     It is apparent from the vehicle financing agreement whether the consumer purchased a GAP Waiver Addendum. The front page of the financing agreement generally indicates if it includes a GAP Waiver Addendum, and the agreement will also separately list the total amount of the GAP fees in a breakdown of the amount being financed by the consumer. Nissan Motor also receives a copy of the consumer's finance agreement and GAP Waiver Addendum agreement from the dealer. As a result, Nissan Motor knows which financing agreements have GAP Waiver Addendums.

23.     Throughout the term of the loan, the payoff amount includes the remaining cost of the GAP Waiver Addendum, which is included in the aggregate amount financed by the consumer when they purchase the vehicle. Thus, when a consumer prepays their vehicle loans in full, the total payoff amount to Nissan Motor includes the full remaining cost of the GAP Waiver Addendum, even though the consumer derives no benefit from paying that cost. Nissan Motor then fails to

provide any credit or refund for the unearned GAP Waiver Addendum fees, despite knowing that those fees are unearned because the consumer prepaid their loan and terminated the financing agreement.

24.     Nissan Motor knows consumers are entitled to a refund of unearned GAP fees when they pay off their finance agreement early, but it collects the unearned GAP fees anyway. This has enabled Nissan Motor to collect and keep millions of dollars in unearned GAP fees that rightfully belong to their consumers.

**C.     Plaintiff's GAP Waiver Addendum with Nissan Motor**

25.     On or about December 7, 2017, Plaintiff purchased a new 2017 Nissan Juke 2WD, VIN JN8AF5MR5HT703973, (the "Vehicle") from a dealer, Nissan of Van Nuys located in Sherman Oaks, California. Ms. Karobkoff is listed as the Vehicle's purchaser[1] on the Retail Installment Sale Contract, (the "Contract").

26.     Ms. Karobkoff purchased the Vehicle for a total sale price of $40,364.48, paying $2,000 down. The total amount financed was $28,119.40 with an interest rate of 10.67% APR, paid over 71 months at $532.84 per month beginning on January 18, 2018. Thus, the loan term was set to end on approximately December 18, 2023.

27.     As part of the Contract, Ms. Karobkoff purchased the optional GAP Waiver Addendum for a total of $2,000.00. That $2,000.00 was included in the total finance amount.

28.     The GAP Waiver Addendum stated that "This Guaranteed Automobile Protection Contract (GAP Addendum) amends the financing contract. This GAP Addendum is between the customer/borrower (I, you, your) and the dealer/creditor (we, us, our), or if assigned with the assignee. Although not required to do so, you have elected to participate in our GAP program." Ms. Karobkoff signed the GAP Waiver Addendum, agreeing to purchase the voluntary GAP Waiver Addendum.

29.     The dealer, Nissan of Van Nuys, then assigned the financing agreement and GAP Addendum to Nissan Motor. Thus, Nissan of Van Nuys is no longer a party to the agreement.

30.     The GAP Waiver Addendum that Ms. Karobkoff purchased was provided by Nissan

---

[1] Plaintiff's husband, Andre Karobkoff, is listed as the Vehicle's co-buyer on the Contract.

Security+Plus, with Nissan Motor listed as the creditor on that agreement at the time Ms. Karobkoff purchased it.

31.     The GAP Waiver Addendum also provides that the contract may be cancelled or terminated at the will of the purchaser. The GAP Waiver Addendum unequivocally states:

> YOUR RIGHT TO CANCEL: You have the unconditional right to cancel this GAP Addendum for a refund/credit of the unearned portion of the charge for this GAP Addendum at any time. If you cancel this GAP Addendum within the first thirty (30) days, you will receive a full refund/credit of the GAP Addendum cost provided no loss has occurred. After thirty (30) days, you will receive a refund/credit of the GAP Addendum cost calculated by the pro rata method, or by the refund method as may be required by state or federal law, less a fifty dollar ($50) cancellation fee. We will refund all charges to the financial institution/lender. To cancel this GAP Addendum and request a refund/credit, you must contact us, in writing, at the address shown above. If you do not receive the refund/credit within sixty (60) days of notice of cancellation/termination, contact the GAP Administrator stated above.

32.     Thus, the GAP Waiver Addendum required Nissan Motor to refund the unearned GAP fees to Ms. Karobkoff.

33.     On approximately May 11, 2020, Ms. Karobkoff paid off the remaining balance on her Vehicle loan, thereby satisfying the Contract in full and cancelling the GAP Waiver Addendum contract before the full term of the loan had passed.

34.     But despite prepaying the Contract in full approximately 43 months early, Ms. Karobkoff did not receive a refund of a pro rata share of the $2,000.00 GAP fee.

35.     As a result, Nissan Motor wrongfully retained unearned GAP fees from Ms. Karobkoff.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Nationwide Class"). The Class includes:

> All persons who, during the applicable statute of limitations, entered into finance agreements with GAP Waiver Addendums that were assigned to Nissan Motor and who paid off their finance agreements before the end of the loan term but did not receive a refund of unearned GAP fees.

37.     Plaintiff also brings this action on behalf of herself and as a class action on behalf

of the following class of consumers (the "California Subclass"):

> All persons who, during the applicable statute of limitations, entered into finance agreements in the State of California with GAP Waiver Addendums that were assigned to Nissan Motor and who paid off their finance agreements before the end of the loan term but did not receive a refund of unearned GAP fees.

38.     The aforementioned Nationwide Class and California Subclass are referred to herein as the "Class."

39.     Excluded from the proposed Class are: (a) Defendants and their agents, officers, directors, parent companies, subsidiaries, and affiliates; (b) counsel representing Plaintiff and any person employed by counsel; and (c) any judicial officers assigned to this case and their staff.

40.     Plaintiff reserves the right to revise the definition of the Class based upon subsequently discovered information.

41.     The members of the proposed Class are so numerous that joinder of all members would be impractical. The proposed Class likely contain thousands of members. The precise number of class members can be ascertained through discovery, which will include Nissan Motor's records.

42.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and members of the Class have been injured by the same wrongful practices of Nissan Motor. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

43.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor her attorneys have any interests contrary to or in conflict with the Class.

44.     There are common questions of law and fact that predominate over any questions affecting only individual members of the Class, including:

> a.      Whether Nissan Motor had a policy or practice of failing to refund unearned GAP Waiver Addendum fees on finance agreements assigned to Nissan Motor;

b.      Whether Nissan Motor breached its contract with Plaintiff and the Class by failing to refund unearned GAP Waiver Addendum fees;

c.      Whether Nissan Motor was unjustly enriched;

d.      Whether Nissan Motor violated state consumer protection statutes;

e.      The damages to which Plaintiff and the class are entitled.

45.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically infeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Further, individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized actions would result in varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and the court system because that would result from multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

46.     Nissan Motor has, or has access to, contact information for members of the Class which may be used for the purpose of providing notice of the pendency of this action.

///

///

///

///

///

///

///

///

**CAUSES OF ACTION**
**COUNT ONE**

**BREACH OF CONTRACT INCLUDING BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
**(On Behalf of Plaintiff and the Nationwide Class or, in the alternative,**
**the California Subclass)**

47.     Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though fully set forth herein.

48.     Plaintiff and members of the Class entered into finance agreements with GAP Waiver Addendums that were assigned to Nissan Motor.

49.     Nissan Motor breached the terms of the contract when it assessed and failed to refund Plaintiff and the Class unearned GAP fees.

50.     Further, under the law of each of the states where Nissan Motor does business, an implied covenant of good faith and fair dealing governs every contract. The covenant of good faith and fair dealing constrains Defendant's discretion to abuse self-granted contractual powers.

51.     This good faith requirement extends to the manner in which a party employs discretion conferred by a contract.

52.     Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

53.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes his conduct to be justified. A lack of good faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Other examples of violations of good faith and fair dealing are willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

54.     Defendant breached the covenant of good faith and fair dealing when it assessed and collected and failed to refund unearned GAP fees.

55.     Each of Defendant's actions was done in bad faith and was arbitrary and capricious.

56.     Plaintiff and members of the putative Class have performed all of the obligations on them pursuant to the contract.

57.     Lest there be any doubt, by way of this Complaint, Plaintiff hereby provides notice on behalf of herself and the putative class of her and class members' right to receive a refund under the contract.

58.     Nissan Motor has therefore received written notice that Plaintiff and the members of the Class paid off their finance agreements early, thereby entitling them to a refund of any unearned GAP fees.

59.     Plaintiff and the members of the Class were harmed because Nissan Motor failed to refund the unearned GAP fees after the early payoff of the finance agreements and failed to pay the interest that accrued on those unpaid amounts.

60.     Nissan Motor is liable to Plaintiff and the members of the Class for the damages they suffered as a direct result of Nissan Motor's collection and failure to promptly refund the unearned GAP fees, as well as the interest that accrued on those unpaid amounts.

## **COUNT TWO**

### **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**(On Behalf of Plaintiff and the Nationwide Class or, in the alternative, the California Subclass)**

61.     Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though fully set forth herein. Plaintiff brings this claim for violation of California Business and Professions Code 17200 *et seq.* (the "UCL") on behalf of herself and the members of the class.

62.     The UCL prohibits acts of "unfair competition," including any unfair, fraudulent or unlawful business practice.

63.     California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice." Nissan Motor's conduct violates each of the statute's "unfair," "unlawful," and "fraudulent" prongs.

64.     The UCL imposes strict liability. Plaintiff need not prove that Nissan Motor intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

65.     A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

66.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the public.

67.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

68.     Nissan Motor committed unfair and fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.,* by affirmatively and knowingly misrepresenting the amount consumers owed Nissan Motor with respect to unearned GAP fees. Plaintiff relied on these misrepresentations to her detriment.

69.     Defendant's acts and practices offend an established public policy of fee transparency in the marketplace, and constitute immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

70.     The harm to Plaintiff and the Class outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

71.     Defendant's conduct also constitutes an "unlawful" act under the UCL because it also constitutes a violation of sections 1770(a)(5) and (a)(9) of the California Consumer Legal Remedies Act.

72.     Defendant's business practices have misled Plaintiff and the proposed Class and will continue to mislead them in the future.

73.     As a direct and proximate result of Defendant's unfair, fraudulent, and unlawful practices, Plaintiff and Class members suffered and will continue to suffer actual damages.

Defendant's fraudulent conduct is ongoing and present a continuing threat to Class members that they continue overpaying Defendant.

74. As a result of its unfair, fraudulent, and unlawful conduct, Defendant has been unjustly enriched and should be required to disgorge its unjust profits and make restitution to Plaintiff and Class members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204.

75. Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff and the members of the Class, on behalf of the general public, seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their unfair, unlawful, and fraudulent practices.

## COUNT THREE

**VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT**
**(On Behalf of Plaintiff and the Nationwide Class or,**
**in the alternative, the California Subclass)**

76. Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though fully set forth herein.

77. This cause of action is brought pursuant to the Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, *et seq*. Plaintiff and each member of the proposed Class are "consumers" as defined by California Civil Code § 1761(d). Defendant's sale of GAP Waivers were "transactions" within the meaning of California Civil Code § 1761(e). GAP Waivers are a "service" within the meaning of California Civil Code § 1761(b).

78. Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of GAP Waiver:

    a. "Representing that goods or services have . . . characteristics . . . that they do not have" (a)(5); and

    b. "Advertising goods or services with intent not to sell them as advertised" (a)(9).

///

79.     Specifically, Defendant failed to disclose to customers that it would not refund unearned GAP fees at the time the Contract was fully paid.

80.     Nissan Motor continues to violate the CLRA and continues to injure the public by misleading consumers about its GAP fees and by failing to refund unearned GAP fees. Accordingly, Plaintiff seeks injunctive relief on behalf of the general public to prevent Nissan Motor from continuing to engage in these deceptive and illegal practices. Otherwise, Plaintiff, the Class members, and members of the general public may be irreparably harmed and/or denied effective and complete remedy if such an order is not granted.

81.     In accordance with Cal. Civ. Code § 1780(a), Plaintiff and the Class members seek injunctive and equitable relief on behalf of the general public for violations of the CLRA, including restitution and disgorgement.

82.     Pursuant to § 1782(a) of the CLRA, concurrent with the filing of this Complaint, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act. If Defendant fails to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by §1782, Plaintiff will move to amend her Complaint to pursue claims for actual, punitive and statutory damages, as appropriate against Defendant.  As to this cause of action, at this time, Plaintiff seeks only public injunctive relief. Specifically, Plaintiff seeks an order enjoining Defendant from continuing to collect and failing to promptly refund unearned GAP fees after the early payoff of the finance agreement.

## **COUNT FOUR**

### **UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Nationwide Class or, in the alternative, the California Subclass)**

83.     Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though fully set forth herein.

///

84.     To the detriment of Plaintiff and the Class, Defendant has been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

85.     Plaintiff and the Class conferred a benefit on Defendant when they paid Defendant unearned GAP fees.

86.     Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

87.     Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

88.     Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained fees received by Defendant as a result of its inequitable conduct as more fully stated herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of herself and the Class seeks judgment in an amount to be determined at trial, as follows:

(a)     For public injunctive relief, enjoining Defendant from continuing the unlawful practices set forth above;

(b)     For declaratory and injunctive relief as set forth above;

(c)     For an order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above;

(d)     For compensatory damages according to proof;

(e)     For punitive damages according to proof;

(f)     For reasonable attorneys' fees and costs of suit;

(g)     For pre-judgment interest; and

(h)     Awarding such other and further relief as this Court deems just, proper and equitable.

///

///

///

///

1

## JURY DEMAND

2

Plaintiff hereby demands a jury trial on all claims so triable.

3

Dated:  October 22, 2021                          Respectfully submitted,

4

**EDELSBERG LAW, P.A.**

5

By:*/s/ Scott Edelsberg*

6

Scott Edelsberg (CA 330090)
scott@edelsberglaw.com

7

1925 Century Park East, Suite 1700
Los Angeles, CA 90067

8

Tel: 305-975-3320
Fax: 786-623-0915

9

10

Jeffrey D. Kaliel (CA Bar No. 238293)
jkaliel@kalielpllc.com

11

**KALIELGOLD PLLC**
1100 15th Street NW, 4th Floor

12

Washington, D.C. 20005
Telephone: (202) 350-4783

13

14

Sophia G. Gold (CA Bar No. 307971)
sgold@kalielgold.com

15

**KALIELGOLD PLLC**
950 Gilman Street, Suite 200

16

Berkeley, CA 94710
Telephone: (202) 350-4783

17

18

*Attorneys for Plaintiff and the Putative Class*

19

20

21

22

23

24

25

26

27

28

- 16 -

Electronically FILED by Superior Court of California, County of Los Angeles on 10/22/2021 01:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Drew,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NISSAN MOTOR ACCEPTANCE COMPANY LLC F/K/A NISSAN MOTOR ACCEPTANCE CORPORATION

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JULIA KAROBKOFF, on behalf of herself and all others similarly situated

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)* LOS ANGELES COUNTY SUPERIOR COURT<br>111 North Hill Street, Los Angeles, CA 90012-3014 | CASE NUMBER: *(Número del Caso):*<br>21STCV39021 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:

Scott Edelsberg, Edelsberg Law, P.A., 1925 Century Park East, Suite 1700, Los Angeles, CA 90067 (305) 975-3320

| DATE:<br>*(Fecha)* 10/22/2021 | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court, Deputy<br>*(Secretario)* S. Drew *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify)*: |
| | 3. ☒ on behalf of *(specify)*: |
| | under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify)*: |
| | 4. ☐ by personal delivery on *(date)* |

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form] [Save this form] [Clear this form]

Electronically FILED by Superior Court of California, County of Los Angeles on 10/22/2021 01:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Drew, Deputy Clerk

| | CM-010 |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Scott Edelsberg (SBN 330090) EDELSBERG LAW, P.A.
1925 Century Park East, Suite 1700, Los Angeles, CA 90067
scott @edelsberglaw.com

TELEPHONE NO.: (305) 975-3320     FAX NO. *(Optional)*: (786) 623-0915
ATTORNEY FOR *(Name)*: Plaintiff, JULIA KAROBKOFF

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012-3014
BRANCH NAME: Central District

CASE NAME:
QUINN v. HYUNDAI CAPITAL AMERICA

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter [ ] Joinder | **21STCV39021** |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: Breach of Contract; Unfair Competition; Violation of CLRA
5. This case [x] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 19, 2021

SCOTT EDELSBERG
_____
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Karobkoff v. Nissan Motor Acceptance Company LLC etc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Karobkoff v. Nissan Motor Acceptance Company LLC etc. | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☒ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Karobkoff v. Nissan Motor Acceptance Company LLC etc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC CIV 109 Rev. 12/18

For Mandatory Use

Local Rule 2.3

| SHORT TITLE: Karobkoff v. Nissan Motor Acceptance Company LLC etc. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br> ☑ 1. ☑ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: <br> 5800 Winnetka Avenue |
|---|---|

| CITY: <br> Woodland Hills | STATE: <br> CA | ZIP CODE: <br> 91367 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___October 19, 2021___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

DocuSign Envelope ID: 65EAB043-A9AA-4981-93A9-84B0DB9C7C98

Electronically FILED by Superior Court of California, County of Los Angeles on 10/22/2021 01:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Drew,Deputy Clerk

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA 330090)
scott@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 305-975-3320
Fax: 786-623-0915

**KALIELGOLD PLLC**
Jeffrey D. Kaliel (CA Bar No. 238293)
jkaliel@kalielpllc.com
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783

**KALIELGOLD PLLC**
Sophia G. Gold (CA Bar No. 307971)
sgold@kalielgold.com
950 Gilman Street, Suite 200
Berkeley, CA 94710
Telephone: (202) 350-4783

*Attorneys for Plaintiff and the Putative Class*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

JULIA KAROBKOFF, on behalf of herself
and all others similarly situated,

                    Plaintiff,

  v.

NISSAN MOTOR ACCEPTANCE
COMPANY LLC F/K/A NISSAN MOTOR
ACCEPTANCE CORPORATION,

                    Defendant.

CASE NO.: 21STCV39021

**CLRA VENUE DECLARATION OF
PLAINTIFF JULIA KAROBKOFF
PURSUANT TO CALIFORNIA CIVIL
CODE SECTION 1780(d)**

## DECLARATION OF PLAINTIFF JULIA KAROBKOFF

I, Julia Karobkoff, declare as follows:

1. I have personal knowledge of the facts stated herein and, if called upon to do so, could competently testify thereto.

2. I am a Plaintiff in the above-captioned action.

3. I submit this declaration in support of the Class Action Complaint, which is based in part on violations of the Consumers Legal Remedies Act, California Civil Code section 1750 *et seq*.

4. The Class Action Complaint has been filed in the proper place for trial of this action because at least one named Defendant is doing business in this county and one or more of the transactions that form the basis of this action occurred in this county.

5. Defendant Nissan Motor Acceptance Company LLC conducts substantial business, including the acts and practices at issue in this action, within Los Angeles County.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

By: _____
DocuSigned by:
B080CB8915DAEE...
Julia Karobkoff

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>10/22/2021<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Drew _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV39021 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Carolyn B. Kuhl | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/22/2021
     (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By S. Drew _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**21STCV39021**                                                                October 28, 2021
**JULIA KAROBKOFF vs NISSAN MOTOR ACCEPTANCE**                                              8:57 AM
**COMPANY LLC**

Judge: Honorable Carolyn B. Kuhl                    CSR: None
Judicial Assistant: L. M'Greené                     ERM: None
Courtroom Assistant: None                           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** COURT ORDER REGARDING NEWLY FILED CLASS ACTION

The Clerk's Office has randomly assigned this case to this department for all purposes. By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. Pursuant to Government Code Section 70616 (a)-(b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court, within 10 calendar days of this date.

The Court stays this case for all purposes, except for service of the Summons and Complaint, and filing notice of appearance or an affidavit of prejudice pursuant to Code of Civil Procedure Section 170.6. The stay continues at least until the Initial Status Conference.
Initial Status Conference is scheduled for 01/07/2022 at 10:00 AM in Department 12 at Spring Street Courthouse.

This Order addresses:

(1) Requirements for early sign-up with an e-service provider in order to facilitate communication with the parties throughout the pendency of the case.
(2) Directives regarding appearance at status conferences.
(3) The nature of the current stay of proceedings and the requirement to file a notice of appearance.
(4) Steps counsel must take to prepare for the Initial Status Conference and to prepare and file a Joint Initial Status Conference Response Statement.

******
(1) Early sign-up with an e-service provider.

For efficiency in communication with counsel, the complex program requires the parties in every

Minute Order                                                                Page 1 of 6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

| | |
|---|---|
| 21STCV39021 | October 28, 2021 |
| JULIA KAROBKOFF vs NISSAN MOTOR ACCEPTANCE COMPANY LLC | 8:57 AM |

| | |
|---|---|
| Judge: Honorable Carolyn B. Kuhl | CSR: None |
| Judicial Assistant: L. M'Greené | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

new case to use a third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten court days in advance of the Initial Status Conference and advise the Court via email to sscdept12@lacourt.org, which provider was selected. The Court will issue an e-service order.

The court intends to use the message board provided by the e-service provider to communicate with the parties in order to determine if the court can issue a Case Management Order and set deadlines without the parties or attorneys appearing in the courtroom.

Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently available in the Complex Courts.

(2) Directions regarding appearance at status conferences.

Based on current conditions and public health requirements and recommendations regarding the spread of COVID-19, all appearances for status conferences should be by LA CourtConnect (see LACourt.org) absent an articulable special need to appear in person. Counsel also are strongly urged to appear via LA CourtConnect for law and motion matters. The Court must reduce crowding in our physical court facilities to the maximum extent possible.

(3) The nature of the current stay of proceedings and the requirement to file a notice of appearance.

As stated above, pending further order of this Court, THESE PROCEEDINGS ARE STAYED IN THEIR ENTIRETY. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, each defendant is directed to file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this complex case and to reduce litigation costs through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case; however, it stays all outstanding discovery requests.

Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**21STCV39021**                                          October 28, 2021
**JULIA KAROBKOFF vs NISSAN MOTOR ACCEPTANCE**                    8:57 AM
**COMPANY LLC**

Judge: Honorable Carolyn B. Kuhl            CSR: None
Judicial Assistant: L. M'Greené             ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None

Procedure Section 170.6.

(4) Steps counsel must take to prepare for the Initial Status Conference and to prepare and file a Joint Initial Status Conference Response Statement.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Prior to the Initial Status Conference, Counsel for all parties are ordered to meet and confer in person (no later than 10 days before the Conference). Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement, five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered topics. Do not use the Judicial Counsel Form CM-110 (Case Management Statement).

1. PARTIES AND COUNSEL: Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. STATUS OF PLEADINGS: Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. POTENTIAL ADDITIONAL PARTIES: Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.
4. IMPROPERLY NAMED DEFENDANT(S): If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S): If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**21STCV39021**                                                    October 28, 2021
**JULIA KAROBKOFF vs NISSAN MOTOR ACCEPTANCE**                              8:57 AM
**COMPANY LLC**

Judge: Honorable Carolyn B. Kuhl                CSR: None
Judicial Assistant: L. M'Greené                 ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

6. ESTIMATED CLASS SIZE: Please discuss and indicate the estimated class size.

7. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS: Please list other cases
with overlapping class definitions. Please identify the court, the short caption title, the docket
number, and the case status.

8. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER
CLAUSES: Please state whether arbitration is an issue in this case and attach a sample of any
relevant clause of this sort. Opposing parties must summarize their views on this issue.

9. POTENTIAL EARLY CRUCIAL MOTIONS: Opposing counsel should identify and describe
the significant core issues in the case, and then identify efficient ways to resolve those issues,
including one or more, of the following:
Motion to Compel Arbitration,
Early motions in limine,
Early motions about particular jury instructions and verdict forms,
Demurrers,
Motions to strike,
Motions for judgment on the pleadings, or
Motions for summary judgment or summary adjudication.

10. CLASS CONTACT INFORMATION: Counsel should discuss whether obtaining class
contact information from defendant's records is necessary in this case and, if so, whether the
parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. v.
Superior Court (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure,
including allocation of cost and the necessity of a third-party administrator.

11. PROTECTIVE ORDERS: Parties considering an order to protect confidential information
from general disclosure should begin with the model protective orders found on the Los Angeles
Superior Court Website under "Civil Tools for Litigators."

12. DISCOVERY: Please discuss a discovery plan. If the parties cannot agree on a plan,
summarize each side's views on discovery. The court generally allows discovery on matters
relevant to class certification, which (depending on circumstances) may include factual issues
also touching the merits. The court generally does not permit extensive or expensive discovery
relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

**21STCV39021**                                            October 28, 2021
**JULIA KAROBKOFF vs NISSAN MOTOR ACCEPTANCE**                    8:57 AM
**COMPANY LLC**

| | |
|---|---|
| Judge: Honorable Carolyn B. Kuhl | CSR: None |
| Judicial Assistant: L. M'Greené | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

persuasive showing establishes early need. If any party seek discovery from absent class members, please estimate how many, and also state the kind of discovery you propose (See California Rule of Court, Rule 3.768).

13. INSURANCE COVERAGE: Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

14. ALTERNATIVE DISPUTE RESOLUTION: Please discuss ADR and state each party's position about it. If pertinent, how can the court help prepare the case for a successful settlement negotiation?

15. TIMELINE FOR CASE MANAGEMENT: Please recommend dates and times for the following:
The next status conference,
A schedule for alternative dispute resolution, if it is relevant,
A filing deadline for the motion for class certification, and
Filing deadlines for and descriptions of other anticipated non-discovery motions.

******
Plaintiff's counsel is directed to serve a copy of this Order on counsel for all parties, or, if counsel has not been identified, on all parties, within five (5) days of service of this Order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this Order. The plaintiff must file a Proof of Service in this department within seven days of service.

IT IS SO ORDERED.

Carolyn B. Kuhl / Judge
Judge of the Superior Court

DATED: 10/28/2021

Counsel below is to provide notice to all parties.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**21STCV39021**                                                October 28, 2021
**JULIA KAROBKOFF vs NISSAN MOTOR ACCEPTANCE**                        8:57 AM
**COMPANY LLC**

Judge: Honorable Carolyn B. Kuhl            CSR: None
Judicial Assistant: L. M'Greené            ERM: None
Courtroom Assistant: None            Deputy Sheriff: None

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>10/28/2021<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ L. M'Greené _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Julia Karobkoff | |
| DEFENDANT/RESPONDENT:<br>Nissan Motor Acceptance Company LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV39021 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (COURT ORDER REGARDING NEWLY FILED CLASS ACTION) of 10/28/2021  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jeffrey Douglas Kaliel
Kaliel PLLC
1875 Connecticut Avenue NW
10th Floor
Washington, DC  20009

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>10/28/2021</u>

By: <u>L. M'Greené</u>
Deputy Clerk

**CERTIFICATE OF MAILING**

Electronically FILED by Superior Court of California, County of Los Angeles on 11/17/2021 08:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gnade,Deputy Clerk

**POS-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

KALIEL GOLD PLLC
1100 15th Street NW, 4th Floor  4th Washington, DC 20009

TELEPHONE NO.: (202) 350-4783 | FAX NO. (424) 342-4129 | E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* : Plaintiff

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA**

STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

PLAINTIFF: Karobkoff

DEFENDANT: Nissan Motor Acceptance

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER: 21STCV39021 |

Ref. No. or File No.: KAROBKOFF

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **NOTICE OF CASE ASSIGNMENT; CLRA VENUE DECLARATION OF PLAINTIFF JULIA KAROBKOFF PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1780(d).**

3. a. Party served *(specify name of party as shown on documents served):*
   **NISSAN MOTOR ACCEPTANCE COMPANY LLC F/K/A NISSAN MOTOR ACCEPTANCE CORPORATION,**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Jenn Bautista - Process Specialist**

4. Address where the party was served: **CSC Lawyers Incorporating Service**
   **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **11/10/2021**   (2) at *(time):* **9:32 AM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*   **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

**POS010-1/21702**

| PETITIONER: Kardoskon | CASE NUMBER |
|---|---|
| RESPONDENT: **Nissan Motor Acceptance** | **21STCV39021** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant.

   b. ☐ as the person sued under the fictitious name of *(specify):*

   c. ☐ as occupant.

   d. ☑ On behalf of *(specify):* **NISSAN MOTOR ACCEPTANCE COMPANY LLC F/K/A NISSAN MOTOR ACCEPTANCE CORPORATION,**

      under the following Code of Civil Procedure section:

      ☑ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)

      ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)

      ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

      ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

      ☐ 416.50 (public entity)              ☐ 415.46 (occupant)

                                       ☐ other:

7. **Person who served papers**

   a. Name: **Ricky Siebel - Apex Legal Services**

   b. Address: **611 Wilshire Boulevard, Ste 700  Los Angeles, CA 90017**

   c. Telephone number: **(213) 488-1500**

   d. **The fee** for service was: **$ .00**

   e. I am:

      (1) ☐ not a registered California process server.

      (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

      (3) ☑ registered California process server:

         (i) ☐ owner       ☐ employee       ☐ independent contractor.

         (ii) Registration No.: **2021-041**

         (iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **11/15/2021**

**Apex Legal Services**
**611 Wilshire Boulevard, Ste 700**
**Los Angeles, CA 90017**
**(213) 488-1500**
**www.apex.legal**

| **Ricky Siebel** | ▶ |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |