JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA KAROBKOFF, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br><br><br>NISSAN MOTOR ACCEPTANCE COMPANY LLC, fka NISSAN MOTOR ACCEPTANCE CORPORATION<br><br>                              Defendant. | Case No.: 2:21-cv-09570-MEMF (Pdx)<br><br>**ORDER GRANTING DEFENDANT NISSAN MOTOR ACCEPTANCE COMPANY LLC'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS [ECF NO. 16]** |

Before the Court is the Motion to Compel Arbitration and Stay Proceedings of Nissan Motor Acceptance Company LLC. On March 17, 2022, the Court held a hearing on the Motion. For the reasons provided below, the Court GRANTS the Motion and STAYS this action.

I.      **Background**

        A.  **Factual Background**

        On October 22, 2021, Plaintiff Julia Karobkoff ("Karobkoff") filed this putative class action against Nissan Acceptance Company LLC ("Nissan") in Los Angeles Superior Court. ECF No. 1, Exhibit A ("Complaint"). Karobkoff alleges that Nissan's practice of collecting and failing to refund

unearned fees under its Guaranteed Asset Protection Waiver Addendum ("GAP Waiver Addendum") constitutes a breach of contract and an unfair business practice in violation of state consumer protection laws. *Id.* at ¶¶ 1-6.

The Complaint identifies a Nationwide Class of: "[a]ll persons who, during the applicable statute of limitations, entered into finance agreements with GAP Waiver Addendums that were assigned to Nissan Motor and who paid off their finance agreements before the end of the loan term but did not receive a refund of unearned GAP fees." *Id.* at ¶ 36. Karobkoff additionally identifies a subclass of "all persons" in California who entered into finance agreements with GAP Waiver Addendums who "did not receive a refund of unearned GAP fees." *Id.* at ¶ 37. The class excludes "[Nissan] and its agents, officers, directors, parent companies, subsidiaries, and affiliates; counsel representing [Karobkoff] and any person employed by counsel; and any judicial officers assigned to this case and their staff." *Id.* at ¶ 38.

Karobkoff alleges four causes of action: (1) breach of contract including breach of the covenant of good faith and fair dealing; (2) violation of California's Unfair Competition law; (3) violation of California's Consumer Legal Remedies Act; and (4) unjust enrichment. *Id.*

### B. Procedural History

Nissan removed this case to federal court on December 10, 2021. ECF No. 1. On February 3, 2022, Nissan filed this Motion to Compel Arbitration. Motion. Karobkoff filed her opposition on February 18, 2022. ECF No. 21 ("Opposition"). On February 24, 2022, Nissan filed its reply. ECF No. 24 ("Reply").

### C. Arbitration Agreement

Both parties agree on the following facts and timeline of events concerning the Agreement in dispute. On or about December 7, 2017, Karobkoff purchased a 2017 Nissan vehicle (the "Vehicle") from Nissan of Van Nuys, a dealer located in Sherman Oaks, California. Compl. at ¶ 25. Karobkoff is listed as the Vehicle's purchaser on the Retail Installment Sale Contract (the "Contract"). *Id.*; *see also* ECF No. 16-2, Exhibit A (the "Contract"). The Contract includes an Agreement to Arbitrate, providing in relevant part:

2

> Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on page 7 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Contract at 1. Karobkoff signed her initials in the box. *See id.* The Arbitration Provision

("Arbitration Provision") referenced in the Arbitration Agreement states the following:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. . .
>
> Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. . .
>
> You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

*Id.* at 7.

## II.      **Legal Standard**

Section 2 of the Federal Arbitration Act ("FAA") dictates that arbitration clauses in contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This section reflects the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Accordingly, "courts must place arbitration agreements on equal footing with other contracts, and enforce them according to their terms." *Id.* (internal citations omitted).

Within the Ninth Circuit, "[i]t is well established that where the contract contains an arbitration clause, there is a presumption of arbitrability." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (internal quotation marks omitted). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Three Valleys Mun. Water Dist. v. E. F. Hutton & Co.*, 925 F.2d 1136, 1139 (9th Cir. 1991) (internal quotation marks omitted). "But arbitration is a matter of contract and a party cannot be required to submit any dispute which he has not agreed so to submit." *Id.* (internal quotation marks omitted). Arbitration agreements may be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Concepcion*, 563 U.S. at 339.

Under California law, any party challenging any agreement on the basis of unconscionability must demonstrate both procedural and substantive unconscionability: the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results. A&M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 486 (1982)); see also Chavarria v. Ralphs Grocery Co., 733 F.3d 916, 922 (9th Cir. 2013) ("Under California law, a contract must be both procedurally and substantively unconscionable to be rendered invalid."). To assess whether a provision is unconscionable, courts employ a "sliding scale" approach, requiring less procedural unconscionability where the terms are more substantively oppressive, and less substantive unconscionability where the terms are more procedurally oppressive. Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000).

**III.    Discussion**

Nissan moves to compel arbitration of the entire action under the Contract's Arbitration Provision. ECF No. 16-1 ("Memo") at 4. Nissan argues that the Provision expressly delegates the question of *arbitrability* to the arbitrator and states that any disputes will be governed by the FAA. *Id.* at 1. In response, Karbokoff argues that the reference to *arbitrability* in the Provision is limited to the issue of scope and is distinct from the question of *enforceability*. In both her moving papers and

1   during the March 17 hearing, Karobkoff maintained that the question of whether the Provision is

2   unconscionable and unenforceable has not been delegated to the arbitrator. Karobkoff also argues

3   that her specific substantive claims are not covered by the Arbitration Agreement at all.

**A.  The Arbitration Provision Delegates Arbitrability Issues**

5          In deciding whether to compel arbitration, a court must consider two "gateway" issues: (1)

6   whether an agreement to arbitrate exists between the parties; and (2) whether the agreement covers

7   the dispute. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (quoting *Howsam v. Dean*

8   *Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)).

9          However, these two gateway issues can be expressly delegated to the arbitrator through a

10  delegation clause, where "the parties clearly and unmistakably provide otherwise." *Brennan*, 796

11  F.3d at 1130 (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)).

12  The delegation provision is an agreement to arbitrate threshold issues concerning the arbitration

13  agreement. *Rent-A-Ctr., W., Inc. v. Jackson*, 130 S. Ct. 2772, 2777 (2010). The Act "leaves no place

14  for the exercise of discretion by a district court, but instead mandates that district courts shall direct

15  the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."

16  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

17         Here, the Delegation Clause contained within the Arbitration Provision clearly and

18  unmistakably delegates the issue of arbitrability to the arbitrator.[1] The Delegation Clause provides,

19  in relevant part:

20         Any claim or dispute, whether in contract, tort, statute or otherwise (including the
21         interpretation and scope of this Arbitration Provision, and the *arbitrability* of the claim or
        dispute), between you and us or our employees, agents, successors or assigns, which arises
22         out of or relates to your credit application, purchase or condition of this vehicle, this contract
        or any resulting transaction or relationship (including any such relationship with third parties
23         who do not sign this contract) shall, at your or our election, be resolved by neutral, binding
        arbitration and not by a court action.

24

25

26  [1] The parties also dispute whether the Arbitration Provision incorporates the rules of the American Arbitration
27  Association ("AAA"), and, if so, whether that provides further support for the proposition that the Arbitration Provision
    delegates issues of enforceability to the arbitrator. *See* Memo at 8; Opposition at 6-8; Reply at 4-5. The Court finds that it
28  need not rule on whether the Provision incorporates the AAA Rules since the clear and unmistakable language
    delegating issues of arbitrability to the arbitrator provides independent grounds to resolve the delegation issue.

Contract at 7 (emphasis added). California federal courts have regularly enforced delegation clauses containing the exact language as provided above. *See, e.g., Banh*, 2020 WL 5035095, at *3; *Young v. CAVT, LLC*, No. 220CV05158VAPJCX, 2021 WL 4706700, at *4 (C.D. Cal. July 22, 2021); *Arab v. BMW of N. Am., LLC*, No. SACV191303DOCJDEX, 2019 WL 8011713, at *3 (C.D. Cal. Sept. 10, 2019); *Hamby v. Power Toyota Irvine*, No. 11CV0544-BTM (BGS), 2012 WL 13036860, at *4 (S.D. Cal. Mar. 22, 2012).

### B. Karobkoff Has Not Shown That the Delegation Clause of the Arbitration Provision Is Itself Unconscionable

Given that this Agreement clearly and unmistakably delegates arbitrability questions to the arbitrator, this Court is limited in its ability to consider whether the Agreement is unconscionable. The Ninth Circuit has held that any such challenge on the basis of unconscionability must be directed at the Delegation Clause specifically: "Because a court must enforce an agreement that, as here, clearly and unmistakably delegates arbitrability questions to the arbitrator, the only remaining question is whether the particular agreement to delegate arbitrability—the Delegation Provision—is itself unconscionable." *Brennan*, 796 F.3d at 1132.

Here, Karobkoff has failed to present any evidence demonstrating that the Delegation Clause itself is unconscionable. The Supreme Court has held that where, as here, an arbitration agreement includes a delegation clause, unless the plaintiff challenges the delegation clause *specifically*, the Court must treat it as valid under the FAA, leaving any challenge to the validity of the arbitration agreement for the arbitrator. *Rent-A-Ctr.*, 130 S. Ct. at 2779. In her briefs, Karobkoff only takes issue with unconscionability as it pertains to the Contract and "corresponding Arbitration Provision." *See, e.g.*, Opp. at 13. For instance, Karobkoff alleges that "Nissan Motor's *Arbitration Provision*" is a "one-sided agreement lacking mutuality" and she does not allege that the delegation clause is one-sided. *See id.* at 16 (emphasis added). Furthermore, when the Court asked Karobkoff to clarify what part of the Contract she took issue with during the March 17, 2022 hearing, Karobkoff conceded that her unconscionability challenge was *not specific* to the delegation clause. Absent any particularized challenge to the delegation clause itself, the Court finds that Karobkoff has failed to demonstrate that compelling arbitration under the delegation clause would be unconscionable.

1   ///

2                    **C.  The Arbitration Provision Delegates Scope Issues**

3          Finally, Karobkoff argues that the claims in her Complaint concern the recovery of a

4   "deficiency balance" and "individual injunctive relief," and, as such, are outside of the scope of the

5   Arbitration Provision.  In addition to delegating issues of arbitrability to the arbitrator, the

6   Delegation Clause discussed above also clearly and unmistakably delegates issues of scope to the

7   arbitrator:

8          Any claim or dispute, whether in contract, tort, statute or otherwise (including the
           interpretation and *scope* of this Arbitration Provision, and the *arbitrability* of the claim or
9          dispute), between you and us or our employees, agents, successors or assigns, which arises
           out of or relates to your credit application, purchase or condition of this vehicle, this contract
10         or any resulting transaction or relationship (including any such relationship with third parties
           who do not sign this contract) shall, at your or our election, be resolved by neutral, binding
11         arbitration and not by a court action.

12   Contract at 7 (emphasis added).

13          Because the Delegation Clause clearly and unmistakably delegates issues of scope to the

14   arbitrator, Karobkoff's arguments regarding the scope of substantive issues that are arbitrable under

15   the Provision must be submitted to the arbitrator for determination, not this Court. *See Dean Witter*

16   *Reynolds, Inc. v. Byrd*, 470 U.S. at 218 (emphasizing that "district courts shall direct the parties to

17   proceed to arbitration on issues as to which an arbitration agreement has been signed"). As such, the

18   Court will not address these arguments.

19          ///

20          ///

21          ///

22          ///

23          ///

24          ///

25          ///

26          ///

27          ///

28          ///

**IV.** __Conclusion__

For the reasons stated above, the Court GRANTS Nissan's Motion to Compel Arbitration. This action is hereby STAYED pending resolution of the arbitration. Accordingly, this action is placed on the Court's inactive calendar pending the arbitration process. This matter is administratively closed.  The parties shall file a joint  report every ninety (90) days, starting from the date of this Order. The parties are also directed to jointly notify the Court within forty-eight (48) hours of the conclusion of the arbitration proceeding.

**IT IS SO ORDERED.**

Dated: March 22, 2022

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge